**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JEFFERY DAVID T.,** | ) | |
| | ) | **No. 20 C 850** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **ANDREW SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Jeffery David T. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

## Background

On August 24, 2016, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 19-30, 99, 112.) The Appeals Council declined review (R. 1-4), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous,

it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the application date. (R. 21.) At step two, the ALJ determined that plaintiff has the severe impairments of "alcoholic cirrhosis of liver; history of esophageal varices;[1] atrial

---

[1] "Esophageal varices are abnormal, enlarged veins in the tube that connects the throat and stomach (esophagus). This condition occurs most often in people with serious liver diseases." https://www.mayoclinic.org/diseases-conditions/esphogeal-varices/symptoms-causes/syc-20351538 (last visited July 14, 2021).

fibrillation/chronic syncope;[2] and duodenal ulcers." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 23.) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform light work with certain exceptions, and thus he is not disabled. (R. 24-30.)

Plaintiff argues that the ALJ's subjective symptom analysis is flawed because he "highlight[ed] Plaintiff's history of alcohol abuse and 'purported' abstinence as a reason for disbelieving his claims," which is "little more than a gratuitous attack on Plaintiff's capacity for truthfulness in violation of SSR 16-3p." (ECF 25 at 8; *see* R. 28 ("The claimant has a history of alcohol abuse, but has denied drinking since prior to his filing date.")); *see also* SSR 16-3P, 2017 WL 5180304, at *11 (S.S.A. Oct. 25, 2017) ("In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person. Rather, our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms . . . ."). The Court agrees that the ALJ's comments about plaintiff's drinking are not germane to the symptom evaluation. That error is harmless, however, if the ALJ's symptom evaluation is otherwise sound.

It is not. The ALJ improperly discounted plaintiff's complaints of dizziness and the concomitant risk of falling. The ALJ said he did so because plaintiff: (1) had only fallen three

---

[2] "Atrial fibrillation is an irregular and often rapid heart rate that can increase [the] risk of strokes, heart failure and other heart-related complications." https://www.mayoclinic.org/diseases-conditions/atrial-fibrillation/symptoms-causes/syc-20350624 (last visited July 14, 2021). Syncope "is the medical term for fainting or passing out," which "is caused by a temporary drop in the amount of blood that flows to the brain." https://my.clevelandclinic.org/health/diseases/17536-syncope (last visited July 14, 2021).

times in the previous year; (2) does not regularly use an assistive device to walk; and (3) has a normal gait. (R. 28.) First, the record shows that, from June 2016 to December 2018, plaintiff reported six, not three, falls to his medical providers. (*See* R. 7608 (medical record dated 12/5/17 stating that plaintiff was dizzy and lightheaded and had "tripped up the stairs" four days earlier); R. 7603-04 (medical record dated 9/6/17 stating that plaintiff was dizzy and reported falling down the stairs two months earlier); R. 7620 (medical record dated 5/29/18 stating that plaintiff had "chronic syncope" and "fell and slid down 3 steps at home"); R. 7281 (medical record dated 6/1/18 stating that plaintiff tripped and fell up the stairs); R. 6762 (medical record dated 12/17/17 stating that plaintiff passed out while walking to the bathroom); R. 6531 (medical record dated 6/16/16 stating that plaintiff fell a few weeks earlier, injuring his ribs).) Second, plaintiff's gait and failure to use an assistive device have very little to no bearing on his allegation of chronic dizziness.[3] Third, the ALJ did not address the evidence (in addition to the three other falls) that supports plaintiff's complaints of dizziness. (*See, e.g.*, R. 59 (plaintiff's testimony that he became dizzy on the walk from the train station to the 8/23/18 hearing and has problems with falling); R. 84 (plaintiff's statement to the consultative examiner on 11/14/17 that "[he] can't keep [his] balance"); R. 226-32 (plaintiff's function report stating that he does not do yard or housework or go out alone because of the risk of falling); R. 6662 (medical record dated 11/29/16 stating that plaintiff is a fall risk); R. 7588 (medical record dated 9/14/16 reporting dizziness); R. 7634 (medical record dated 7/19/18 noting chronic dizziness); R. 7663 (medical record dated 2/5/18 assessing plaintiff with syncope).) In short, the ALJ did not build a logical bridge between the evidence and his conclusion that plaintiff's allegations of dizziness and frequent falls were

---

[3] While someone who is chronically dizzy may have an awkward gait or may use an assistive device, the ALJ points to no medical evidence or other support in the record for the proposition that a normal gait and lack of assistive device are inconsistent with chronic dizziness.

4

unsupported, and thus did not need to be accounted for in the RFC. *See Villano*, 556 F.3d at 562 ("The ALJ is not required to discuss every piece of evidence, but must build a logical bridge from evidence to conclusion."). Accordingly, this case must be remanded for a reassessment of plaintiff's symptom allegations and a redetermination of the RFC.

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision, denies the Commissioner's motion for summary judgment [30], and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                              **ENTERED:**


 DATED: 5/2/22


*M. David Weisman*
_____
**M. David Weisman**
**United States Magistrate Judge**

5